IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLES IHENACHO, :

Plaintiff, :

vs. : Case No. 3:08-cv-390

JUDGE WALTER HERBERT RICE

GREEN TOKAI CO. LTD., :

Defendant :

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR A DECLARATORY JUDGMENT TO TRANSFER SETTLEMENT PROCEEDS TO FEDERAL COURT FOR DISTRIBUTION OF PROCEEDS TO PLAINTIFF (DOC. #36)

Plaintiff Charles Ihenacho filed suit against Green Tokai Co., Ltd., alleging violations of the Family and Medical Leave Act, 29 U.S.C. § 185, wrongful discharge in violation of public policy, and promissory estoppel. After the Court overruled in part and sustained in part Defendant's Motion for Summary Judgment, and overruled Defendant's Supplemental Motion for Summary Judgment, the parties entered into a settlement agreement and this case was dismissed. The Court did, however, retain jurisdiction to enforce the settlement agreement.

Before Plaintiff received his settlement check of $13,053.72, the Ohio Institute of Photography and Technology ("OIPT") filed a Complaint for a Creditor's Bill, pursuant to Ohio Revised Code § 2333.01, in the Montgomery County Common Pleas Court. Ihenacho owed OIPT money for unpaid tuition and, on April

30, 2010, OIPT had obtained a judgment against him in the amount of $15,026.00.[1] OIPT learned of Ihenacho's settlement with Green Tokai and asked the Montgomery County Common Pleas Court to direct Green Tokai to turn the settlement proceeds directly over to OIPT in satisfaction of that judgment.

On August 24, 2010, Judge Mary Katherine Huffman of the Montgomery County Common Pleas Court ordered Green Tokai to deposit the settlement proceeds in an escrow account at the state court until it was determined who was entitled to the money. On the same date, in Federal Court, Ihenacho filed a Motion to Enforce the Settlement Agreement, asking the Court to "force Green Tokai to pay the settlement proceeds to Plaintiff and not to the Institute to satisfy their judgment against Mr. Ihenacho." Doc. #34, at 3.

The Court held a telephone conference on September 20, 2010. During that conference, the parties agreed that because Green Tokai had already deposited the settlement proceeds with the Montgomery County Common Pleas Court, it had fully complied with its obligations under the settlement agreement. On October 22, 2010, the Court overruled Plaintiff's Motion to Enforce the Settlement Agreement as moot. Doc. #37.

In the meantime, Plaintiff filed a Motion for Declaratory Judgment to Transfer Settlement Proceeds to Federal Court for Distribution of Proceeds to Plaintiff. Doc. #36. This motion was served on counsel for OIPT and on Judge

---

[1] Ihenacho has appealed that judgment.

Huffman of the Montgomery County Common Pleas Court. No response has been filed. The Court nevertheless overrules Plaintiff's motion.

Ihenacho essentially argues that because the settlement proceeds at issue stemmed from his suit in federal court, the proceeds should be transferred here, and the federal court, rather than the state court, should decide whether he or OIPT is entitled to the money. The Court rejects this argument.

Although the federal Court retained jurisdiction to enforce the terms of the settlement agreement, the parties have agreed that Green Tokai fully complied with its obligations under that settlement agreement when it deposited the settlement proceeds with the Montgomery County Common Pleas Court. The settlement agreement has not been breached, and there is no longer a live case or controversy between the parties to this lawsuit.

The only remaining dispute is whether OIPT has an enforceable interest in the settlement proceeds. Since OIPT is not a party to the federal suit, this Court lacks jurisdiction to adjudicate this issue. It must be decided by the Montgomery County Common Pleas Court where the Complaint for a Creditor's Bill was filed. Accordingly, the settlement proceeds should remain in the escrow account at the Montgomery County Common Pleas Court until that court determines who is entitled to the money.

For these reasons, the Court OVERRULES Plaintiff's Motion for a Declaratory Judgment to Transfer Settlement Proceeds to Federal Court for Distribution of

Proceeds to Plaintiff. Doc. #36.

Date: May 10, 2011

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record
Honorable Mary Katherine Huffman,
Montgomery County Common Pleas Court